FILED
2008 Aug-27 PM 01:43
U.S. DISTRICT COURT
N.D. OF ALABAMA


08 AUG 27 AM 11:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| LEANDRE LAYTON, on behalf of himself and all those similarly situated, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO.<br>)<br>) CV-08-AR-1542-S |
| v. | )<br>) |
| DHL EXPRESS (USA) INC., SKY LAND EXPRESS, INC., and GARY LITTLEFIELD, | )<br>) **COLLECTIVE ACTION**<br>) **PURSUANT TO 29 U.S.C. § 216(b)**<br>) |
| Defendants. | ) |

## COMPLAINT

### I. NATURE OF THE CLAIM

Plaintiff Leandre Layton for himself and on behalf of others similarly situated who consent to representation, asserts claims under the Fair Labor Standards Act of 1938 ("FLSA"), 20 U.S.C. § 201 *et seq*. for unpaid overtime compensation, liquidated damages, reasonable expenses of litigation and attorney fees, on the grounds set forth below.

### II. JURISDICTION AND VENUE

1. The Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

1

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2).

3. Defendant DHL Express (USA) Inc. ("DHL") is subject to the jurisdiction of this Court.

4. Defendant Sky Land Express, Inc. ("Sky Land Express") is subject to the jurisdiction of this Court.

5. Defendant Gary Littlefield is subject to the jurisdiction of this Court.

### III. PARTIES

6. Plaintiff is a former employee of Defendants DHL, Sky Land Express and Gary Littlefield who has been denied overtime compensation during the relevant period of his employment.

7. Throughout his employment, Plaintiff, who is a resident of the state of Alabama, was an employee entitled to the full protections of the FLSA.

8. The named Plaintiff brings this action as a collective action on behalf of himself and all other similarly situated current and former employees who consent to representation who have been denied proper overtime compensation, pursuant to 29 U.S.C. § 216(b) ("putative class"). The named Plaintiff consents to participate in this suit and to represent the interests of the putative class. *See* Exhibit 1.

9. The consents of other similarly situated individuals to participate in this suit may be filed with the Court from time to time as they opt-in to this litigation, pursuant to 29 U.S.C. § 216(b).

10. Defendant DHL is a Delaware corporation headquartered in Plantation, Florida and is engaged in the business of providing small package delivery worldwide and regularly engages in business within this judicial district.

11. Defendant DHL is an employer within the meaning of the FLSA, 42 U.S.C. § 203(d) and is not exempt under the Act.

12. Defendant Sky Land Express is an Alabama corporation headquartered doing business in the state of Alabama.

13. Defendant Sky Land Express is an employer within the meaning of the FLSA, 42 U.S.C. § 203(d) and is not exempt under the Act.

14. Defendant Gary Littlefield is a principal of Defendant Sky Land Express and has control of the company's day-to-day operations and therefore is an employer within the meaning of the FLSA, 42 U.S.C. § 203(d) and is not exempt under the Act.

## IV. **FACTUAL ALLEGATIONS**

### *Defendants Failed To Pay*
### *Plaintiff His Proper Overtime*

15. Defendants Sky Land Express and Gary Littlefield operate as a contractor of DHL and are responsible for the pick-up and delivery of packages for DHL customers in a specific geographic area in exchange for a fee paid by DHL.

16. Defendants Sky Land Express and Gary Littlefield hire delivery drivers such as Plaintiff and the putative class to perform this work.

17. During the employment of Plaintiff and the putative class, Defendant DHL exercised sufficient control over them to be deemed an "employer" and/or "joint employer" under the FLSA.

18. Defendant DHL operates three terminals in Birmingham, Tuscaloosa and Jasper, Alabama to which delivery drivers hired by Defendants Sky Land Express and Gary Littlefield report each morning for the purpose of loading their vehicles with packages intended for delivery to DHL customers.

19. Plaintiff was employed by Defendants Sky Land Express and Gary Littlefield as a delivery driver assigned to the Birmingham, Alabama terminal from October 2007 to August 2008.

20. At all relevant times, Plaintiff and the putative class were nonexempt

employees within the meaning of the FLSA.

21. At all relevant times, Plaintiff and the putative class regularly worked and continue to work over forty (40) hours per workweek without receiving the time-and-one-half overtime premium required by FLSA.

22. At all relevant times, Plaintiff and the putative class have been entitled to the payment of overtime pursuant to the FLSA.

23. Throughout the relevant period of this lawsuit, the primary duties of delivery drivers conformed to a very specific standard of conduct that did not involve the exercise of discretion and independent judgment.

24. Throughout the relevant period of this lawsuit, the primary duties of delivery drivers did not involve professional, administrative or managerial duties.

25. Throughout the relevant period of this lawsuit, there is no evidence that the conduct of Defendants DHL, Sky Land Express and Gary Littlefield that gave rise to this action was in good faith and based on reasonable grounds for believing that their conduct did not violate the FLSA.

26. Throughout the relevant period of this lawsuit, Defendants DHL, Sky Land Express and Gary Littlefield knowingly, intentionally and willfully violated the FLSA by failing to pay Plaintiff and all similarly situated employees the overtime compensation to which they were entitled.

27. During the three years prior to the date of this lawsuit, Defendants DHL, Sky Land Express and Gary Littlefield knowingly, intentionally and willfully violated the FLSA by failing to pay Plaintiff and all similarly situated employees the overtime compensation to which Defendants knew the Plaintiff was entitled.

### *DHL Is A Joint Employer Of Plaintiff Under The FLSA*

28. During the employment of Plaintiff and the putative class, Defendant DHL exercised sufficient control over them to be deemed an "employer" and/or "joint employer" under the FLSA.

29. Defendant DHL supervised and controlled the work schedules of Plaintiff and the putative class.

30. During their employment, Plaintiff and the putative class were required by Defendant DHL to: wear DHL-logo uniforms; drive DHL-logo trucks; carry DHL-

logo identification badges; report to a single establishment at the DHL building at the Birmingham International Airport everyday by 6 a.m. (they never reported to any Contractor/Temp office); use DHL hand-held scanners; and drive to delivery and pick up destinations determined by Defendant DHL.

31. During their employment, Plaintiff and the putative class were required to delivery all packages safely and on time consistent with Defendant DHL's customer service guarantees and warranties; maintain a professional and courteous manner in accordance with Defendant DHL's standardized rules of conduct; follow detailed and standardized DHL company operating procedures that apply to virtually every aspect of the Plaintiff's and putative class members' employment; and maintain their delivery trucks in accordance with Defendant DHL's detailed and companywide standards and specification.

32. Through a sophisticated computer tracking system, Defendant DHL closely supervised by latitude and longitude the exact location of the Plaintiffs and putative class who worked as drivers. Defendant DHL also supervise the locations, pick up and delivery times of the Plaintiff and putative class.

33. The Plaintiff and the putative class had no opportunity to realize a profit or incur a loss; they picked up and delivered DHL packages only; and Defendant DHL did not permit them work for another company during working hours.

34. Defendant DHL made a considerable investment in equipment and materials necessary to the work performed by the Plaintiffs and the putative class. Plaintiff and the putative class did not supply any of their own equipment. Defendant DHL invested in the customer service department, package delivery infrastructure, and terminal necessary for the work performed by Plaintiff and the putative class.

35. Defendant DHL maintained and operated the facility where Plaintiff and the putative class were required to report each morning where they loaded their vehicles with merchandise for delivery.

36. Defendant DHL maintained employment records of the Plaintiff and the putative class in the form of daily settlement records tracking drivers' deliveries. The core data regarding delivery and pick up times (thus hours worked) are recorded and maintained by Defendant DHL.

37. The timely pickup/delivery of packages done by Plaintiff and the putative class is integral to the fundamental business of Defendant DHL.

38. The tasks performed by the Plaintiff and the putative class involved the collecting and delivering of packages, which was one step in the package delivery process. Defendants DHL, Sky Land Express and Gary Littlefield handled all of the other major steps including scheduling, payment and customer service.

39. The work performed by the Plaintiff and the putative class was routine type

work that did not require initiative, judgment or foresight.

40. The services rendered by Plaintiff and the putative class are an integral part of Defendants' business which involves pick-up and delivery of packages for DHL customers in a specific geographic area in exchange for a fee paid by DHL.

41. In operating its package delivery and pick-up services, Defendants Sky Land Express, Gary Littlefield and DHL have utilized a fleet of over 25 cargo vans brightly wrapped in the red and yellow corporate logo of Defendant DHL. Further identifying marks include WWW.DHL.COM. In small lettering, the vans state that they are "operated" by "Sky Land Express," with no indication of ownership.

42. The vans have a gross vehicle weight of less than 10,001 pounds, are not designed or used to transport more than eight passengers for any reason, and are not used to transport hazardous materials.

43. These vehicles are not "commercial motor vehicles" under the federal Motor Carrier Act, see 49 U.S.C. §311321(1).

44. These vehicles are driven by Plaintiff and the putative class in performing their job duties.

45. During the relevant period of this lawsuit, Defendants Sky Land Express, Gary Littlefield and DHL employed approximately 50 drivers who operated these vehicles.

## *Collective Action Allegations*

46. Plaintiff bring this FLSA lawsuit under 29 U.S.C. 201 *et seq.* as a collective action on behalf of himself and on behalf of a class of other current and former employees similarly situated pursuant to 29 U.S.C. § 216(b).

47. Plaintiff seeks to represent a class including all current and former employees of Defendants DHL, Sky Land Express and Gary Littlefield wheresoever located who were employed at any time during the applicable limitations period or during such period as the Court may designate pursuant to equitable tolling of the limitations period and who performed work similar to that which Plaintiff performed, whose rights were violated because of Defendants' knowing, intentional and willful failure to pay them overtime compensation to which they were entitled, in violation of the FLSA..

48. Plaintiff and the above-defined class of workers are "similarly situated employees," within the meaning of 29 U.S.C. §216(b) of the FLSA.

49. Defendants are in possession of the names, addresses and employment records of those persons similarly situated to Plaintiff whom Plaintiff seeks to represent.

50. Pursuant to 29 U.S.C. § 216(b) of the FLSA, those individuals are entitled to Court-administered notice of this lawsuit in order that they may elect to join

plaintiffs in the prosecution of this action.

51. The class of current and former employees of Defendants as described above is so numerous that joinder of all members is impracticable.

52. During the applicable limitations period prior to the commencement of this action, Defendants have employed over 50 employees who worked as delivery drivers who were denied proper overtime compensation.

53. There are common questions of law and fact common to the class.

54. The employment policies, practices, and agreements of Defendants DHL, Sky Land Express and Gary Littlefield raise question of law and fact common to the class including but not limited to:

(a) whether Defendants DHL, Sky Land Express and Gary Littlefield have engaged in a company wide practice of permitting Plaintiff and the class to work without the payment for overtime worked at the applicable federal overtime rate;

(b) whether Defendants DHL, Sky Land Express and Gary Littlefield acted in good faith in failing to pay Plaintiffs and the applicable class the applicable overtime rate for the work they required them to perform.

55. Plaintiffs as named representatives will fairly and adequately protect the interests of the class.

56. The prosecution of separate actions by individual members of the putative

class would create a risk of inconsistencies or varying adjudication with respect to individual members of the putative class which would establish incompatible standards of conduct for the Defendants.

57. Questions of law and fact common to the members of the class predominate over any questions affecting individual members and a collective action is superior to other available methods for the fair and efficient adjudication of the controversy.

## V.    CLAIM – VIOLATION OF THE FAIR LABOR STANDARDS ACT

58. All previous paragraphs are incorporated as if fully set forth herein.

59. By engaging in the above-described conduct, Defendants DHL, Sky Land Express and Gary Littlefield violated the FLSA with respect to Plaintiff and those employees who are similarly situated to Plaintiff.

60. By engaging in the above-described conduct, Defendants DHL, Sky Land Express and Gary Littlefield knowingly, intentionally and willfully violated the FLSA with respect to Plaintiff and those employees who are similarly situated to Plaintiffs.

61. Throughout the relevant period of this lawsuit, there is no evidence that Defendants DHL's, Sky Land Express's and Gary Littlefield's conduct that gave rise to this action was in good faith and based on reasonable grounds for believing that its conduct did not violate the FLSA.

62. As a direct and proximate result of the above-described conduct, Plaintiff and those employees who are similarly situated to Plaintiff have lost wages.

63. Said violation gives rise to a claim for relief under the FLSA for Plaintiff and those employees who are similarly situated to Plaintiffs for unpaid overtime compensation for three years prior to the filing of this Complaint, prejudgment interest, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. § 201 *et seq.*

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that this Court do the following:

1. Certify the FLSA claim as a collective action under 29 U.S.C. § 216 and direct notice to all eligible class members, including individual notice to all members who can be identified by reasonable effort on the part of Defendants DHL, Sky Land Express and Gary Littlefield;

2. Issue a declaratory judgment that Defendants DHL, Sky Land Express and Gary Littlefield have engaged in unlawful employment practices in violation of the FLSA with respect to PLAINTIFF and all similarly situated members of the class he seeks to represent;

4. Require Defendants DHL, Sky Land Express and Gary Littlefield to pay PLAINTIFF and all eligible members of the class who elect to participate in this action through proper written notice with the Court damages for lost overtime compensation calculated at one and one-half times the proper normal rate that PLAINTIFF and such class members would have received but for unlawful conduct going back three (3) years from the date this Complaint was filed;

5. Require Defendants DHL, Sky Land Express and Gary Littlefield to pay each of the PLAINTIFF and all eligible members of the class who elect to participate in this action liquidated damages as provided for under the Fair Labor Standards Act;

6. Issue an order directing Defendants DHL, Sky Land Express and Gary Littlefield to properly pay its employees overtime under the FLSA in the future;

7. Award PLAINTIFF and all similarly situated members of the class they seek to represent pre-judgment interest, and their reasonable attorneys' fees and costs and expenses of suit;

12. Permit a trial by jury on all issues so triable; and

13. Provide such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**PLAINTIFF hereby demands a jury trial on all claims for which they have a right to a jury.**

Dated: August 26, 2008.

*s/ Lee Winston*
Lee Winston
Roderick T. Cooks
**WINSTON COOKS, L.L.C**
319 17th Street North
Birmingham, AL. 35203
205-502-0940 (telephone)
205-251-0231 (facsimile)
lwinston@winstoncooks.com
rcooks@winstoncooks.com

Alan H. Garber - *Pro Hac Vice*
Georgia Bar No. 283840
**THE GARBER LAW FIRM, P.C.**
Suite 14, 4994 Lower Roswell Road
Marietta, GA 30068
(678) 560-6685 (telephone)
(678) 560-5067 (facsimile)
ahgarber@garberlaw.net

**COUNSEL FOR PLAINTIFF AND THE PUTATIVE CLASS AND ITS MEMBERS**