# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LEANDRE LAYTON, On behalf of himself and all those similarly situated, PLAINTIFF, v. DHL EXPRESS (USA) INC., SKY LAND EXPRESS, INC., and GARY LITTLEFIELD, DEFENDANTS. | CIVIL ACTION NO. 08-AR-1542-S COLLECTIVE ACTION PURSUANT TO 29 U.S.C. SECTION 216(b) |

## DEFENDANTS SKYLAND EXPRESS AND LITTLEFIELD RESPONSE TO PLAINTIFFS' MOTION FOR CONDITIONAL CLASS CERTIFICATION

Come now the Defendants, Sky Land Express, Inc. and Gary Littlefield, by and through their counsel of record, to provide the following response to the Plaintiffs' Motion for Conditional Class Certification pursuant to 29 USC Section 216(b) of the Fair Labor Standards Act (FLSA):

> A. Due to the Arbitration/Indemnification Issues that remain unresolved, and the possible application of the Federal Motor Carrier Safety Act (FMCSA) to these claims, the Defendants request that the Court withhold ruling on the Plaintiffs' Motion for Conditional Class Certification for thirty (30) days:

The Defendants have asserted in their Answer to this complaint that this matter is not governed by the provisions of the FLSA, but instead by the Federal Motor Carrier Safety Act. If the Federal Motor Carrier Safety Act is the controlling law regarding the governance of the Plaintiffs' employment relationship with the Defendant Skyland Express, then Plaintiffs have no cause of action or claim as a matter of law, and conditional class certification would therefore be inappropriate and potentially premature. It is the understanding of the undersigned counsel that the Federal Bureau of Wage & Hour, and possibly other state and federal courts, have already addressed the application of the Motor Carriers Act to very similar, if not exactly analogous, claims and found that the FLSA did not apply. Defendant's counsel is still researching this information and

1

needs at least thirty (30) days to complete such research and complete the filing of a brief for this Court's consideration regarding the same.

Similarly, as is discussed below, the Defendants have notified the Plaintiffs' counsel that it is these Defendants' position that these matters may be subject to Arbitration due to the express provision of the Cartage Agreements and Severance/Termination Agreements which govern the contractual relationship between the Defendants Skyland and DHL. DHL also has a right of indemnification which, if asserted, would be subject to arbitration, and that arbitration provision, a copy of which is attached, does not allow for class wide claim adjudication of claims.

It is the position of the Defendants Skyland Express and Littlefield that a ruling and consideration of conditional class certification of these claims is premature, and should be delayed for at least thirty (30) days until the issues related to arbitration, DHL indemnification claims, and the Motor Carriers' Act Jurisdiction can be more fully reviewed by all the parties and this Court. Such delay would not prejudice the Plaintiffs and will not negatively affect the progress of this case. If, in fact, these claims are due to be dismissed under the Motor Carrier Act, or if the claims are due to be arbitrated, judicial economy and the resources of the parties and this Court will be greatly served by such full and complete analysis of these issues, prior to conditional class certification.

    B.    <u>Overview of the Arbitration and Indemnification Issue</u>:

Pursuant to local rule 26.1 (1) (B), documents have been provided to the Plaintiffs from Defendant DHL that confirm the terms and agreements between Skyland Express and DHL prior to its termination in November of 2008 and final severance in January, 2009. Section 16 of that contract, which is attached for the Court's review and information, requires that "any controversy or claim, whether such claim sounds in tort, contract or otherwise, arising out of or relating to this agreement.....or the commercial or economic relationship of the parties.....shall be resolved by arbitration in accordance with the then existing supplementary rules of the American Arbitration Association, but not including the then existing supplementary rules for class arbitrations in whatever form or whatever title they may exist....." (See attached Exhibit "A" to this response, which is the first page of 2007 cartage agreement and page 14 & 15 of that agreement; this document was provided to all parties in this action by DHL Counsel on or about April 22, 2009.)

DHL notified all of its Cartage Agreement Contractors in October/ November 2008 that DHL was terminating and severing all cartage agreements. The documentation that outlines that severance and termination is to be confidential between DHL and the Cartage Agreement Carriers but contains language that may give DHL the right to seek indemnification for any claims it may be held responsible for paying which arise out of the Cartage Agreement. The existence of this potential indemnification claim is not disputed by any party or their counsel to this action, based on the information and belief of the undersigned counsel.

It is the understanding of the undersigned attorney that counsel for DHL in this matter have had no definite instructions as of this date regarding the issues of arbitration or indemnification. In short, no official claim for indemnification has been asserted but upon inquiry and request by the undersigned counsel, such has not been waived, either.

Defendants Skyland Express and Littlefield find themselves caught in an untenable position of having to respond to a conditional class certification motion, (and discovery which is sure to follow), which may waive rights to arbitration, but then be subject to an indemnification claim from DHL that may still be subjected to arbitration under provision 16 of the Cartage Agreement between Skyland Express and DHL, the cost of which would be unduly burdensome in having to defend these claims, potentially twice, in two separate tribunals. The cases cited by Plaintiffs' counsel clearly state that this Court should balance the "fairness and judicial efficiency" related to the Plaintiffs' conditional class certification motion. That balancing test should include the benefits to the potential class members against, "any potential detriment to the defendant and the potential for judicial inefficiency that could result from collective treatment." Plaintiff's brief, page 16, citing Pendlebury v. Starbucks Coffee Co, 518 F. Supp 1345, 1363, (S.D. Fla. 2007). The Pendlebury opinion, in interpreting the provisions of section 216(b) discussed the remedial nature of a collective action under the FLSA and the benefits not only to the putative class but impliedly to all workers governed by the FLSA. However, the Pendlebury court, nor any other Court in any of the other cases cited by the Plaintiffs' counsel from the undersigned counsel's review of the same, dealt with the issue of the Motor Carrier's Safety Act application to employees in the same or similarly situated work as those employed by Skyland Express in this action, or with a potential arbitration/indemnification issue such as the one involved in this case.

   C. For the Court's information and record, the Defendants Skyland Express and Littlefield state their belief that the parties, including the opt-ins noticed by the Plaintiff's counsel, are not due any recovery in this case, and that the Declarations of the Plaintiff and the opt-in Plaintiffs are factually inaccurate and do not correctly reflect the employment history and conditions for each of the declarants, or the putative class as a whole. Representations of positions taken, statements made or opinions rendered by the Defendant Littlefield are not accurately represented in the Motion and Brief filed by Plaintiffs' counsel and the same are denied. Specifically, the Defendants deny that these putative class members are similarly situated, and that the named Plaintiff and opt-in Plaintiffs are similarly situated regarding their manner and method of compensation. The putative class members did not all have "identical" jobs as is asserted by Plaintiffs' counsel. (It should be noted that one of the opt-in Plaintiffs, Andre Weathers, was actually a supervisor for Skyland Express, which I believe is undisputed by the Plaintiffs' counsel. No Declaration was filed for Mr. Weathers, which Defendants' counsel assumes is a concession that Mr. Weathers is not an appropriate Plaintiff for this action.)

D.  For the reasons stated above, the Defendants Skyland Express and Littlefield request that the Court delay ruling on the Motion for Conditional Class certification filed by the Plaintiffs in this action for thirty (30) days, in order to allow the parties in this matter to address the issues related to arbitration/indemnification and potentially, the application of the Motor Carriers' Safety Act as well. Defendants assert that no harm or prejudice will be incurred by the Plaintiffs or any members of a putative class by such delay, and that such delay, when balancing the equities involved in this case under the case law cited by the Plaintiffs' in their Motion and Brief, would be fair, just and would be economically efficient.

Respectfully submitted this the 7th day of May, 2009.

/s/ Alyce Manley Spruell
Attorney for Defendants Sky Land Express, Inc. and Gary Littlefield
SPRUELL & POWELL, LLC
P.O. Box 1010
Tuscaloosa, Alabama 35403
(205) 345-8755

Certificate of Service

This is to certify that I have this the 7th day of May, 2009, served the foregoing electronically on counsel for all parties as follows:

Lee Winston
Winston Cooks, LLC
Two 20th Street North, Suite 1330
Birmingham, Alabama 35203

Alan H. Garber
The Garber law Firm, P.C.
Suite 14, 4994 Lower Roswell Road
Marietta, GA 30068

Beverly P. Baker
Christopher W. Deering
James Patton
OGLETREE, DEAKINS, NASH,
 SMOAK, STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118

/s/Alyce Manley Spruell
Of Counsel

# EXHIBIT ONE

Defendant Skyland Express

May 7, 2009

# CARTAGE AGREEMENT

THIS CARTAGE AGREEMENT (together with the Schedules attached hereto, this "Agreement") is entered into this 10/07/2007 (the "Effective Date") by and between DHL Express (USA), Inc., d/b/a DHL Express, an Ohio corporation having its principal offices at 1200 South Pine Island Road, Plantation, FL 33324 ("DHL"), and the party indicated below ("Contractor").

Contractor Name: Sky Land Express, Inc.
Address: 1025 Fairmont Circle
Birmingham, AL 35242

Location/Station Code: BHM
Entity Type: ::COMPANY_TYPE::
Federal Tax ID No.: 63-1205499
Fax: 555-555-5555
E-mail: gplittle@bellsouth.net

Acknowledged and Agreed to:

DHL Express (USA), Inc.

By: _____
Signature / Corporate Authorized

Jack O'Neill
Printed Name

Vice President of Field Operations
Title

10/8/07
Date

Contractor

By: _____
Signature

GARY LITTLEFIELD
Printed Name

PRESIDENT
Title

10/4/07
Date

1. Background. DHL is an express transportation company, an air freight forwarder, and an agent for direct air carriers. Contractor is engaged in the business of performing local ground transportation, pick-up, and delivery services and represents to DHL that it is able to perform the Services (as defined below) in the Service Areas (as defined below) under such certificates, permits, and licenses as may be required by any governmental or municipal entity having authority over Contractor and in compliance with all applicable laws, rules, regulations, and other governmental requirements. DHL wishes to receive, and Contractor wishes to provide as an independent contractor, the Services in the Service Areas, all in accordance with, and subject to, the terms and conditions of this Agreement.

2. Definitions. In addition to any terms defined elsewhere in this Agreement, the following terms shall have the meanings set forth below:

2.1 "Contract Performance Measures" or "CPMs" shall mean the performance standards set forth in Schedule B.

2.2 "Contract Performance Bonus" or "CPB" shall mean the financial incentives that Contractor may receive in accordance with the provisions of this Agreement for meeting or exceeding the CPMs, as set forth in further detail in Schedule B.

2.3 "Contractor Vehicles" shall mean the motor vehicles (including trailers) used by Contractor to perform the Services under this Agreement.

1 of 16

of this Agreement without which the parties would not have entered into this Agreement.

16. Dispute Resolution.

    16.1 **ARBITRATION AGREEMENT.** ANY CONTROVERSY OR CLAIM (WHETHER SUCH CLAIM SOUNDS IN CONTRACT, TORT, OR OTHERWISE) ARISING OUT OF OR RELATING TO THIS AGREEMENT, OR THE BREACH OR ALLEGED BREACH THEREOF, OR THE COMMERCIAL OR ECONOMIC RELATIONSHIP OF THE PARTIES, WHICH THE PARTIES ARE UNABLE TO RESOLVE WITHIN A REASONABLE TIME AFTER WRITTEN NOTICE BY ONE PARTY TO THE OTHER PARTY OF THE EXISTENCE OF SUCH CONTROVERSY OR DISPUTE, SHALL BE RESOLVED BY ARBITRATION IN ACCORDANCE WITH THE THEN-EXISTING COMMERCIAL RULES OF THE AMERICAN ARBITRATION ASSOCIATION ("AAA"), BUT NOT INCLUDING THE THEN-EXISTING SUPPLEMENTARY RULES FOR CLASS ARBITRATIONS IN WHATEVER FORM OR UNDER WHATEVER TITLE THEY MAY EXIST. THE PARTIES HEREBY AGREE TO WAIVE ANY RIGHT TO PARTICIPATE IN, BE A MEMBER OF, OR TO SERVE AS A REPRESENTATIVE FOR A CLASS ACTION WITH REGARD TO ANY CLAIM(S) THEY MAY HAVE OR ASSERT AGAINST ONE ANOTHER. ANY ARBITRATOR(S) SHALL NOT CONDUCT A CLASS ARBITRATION OR ANY OTHER CLASS PROCEEDING. THE PARTIES CANNOT ACT AS PRIVATE ATTORNEYS GENERAL OR IN ANY OTHER REPRESENTATIVE CAPACITY. THE PARTIES ALSO AGREE THAT THEY WAIVE ANY RIGHT TO HAVE THEIR CLAIMS CONSOLIDATED WITH, JOINED WITH, OR COMBINED WITH ANY CLAIMS OF ANY OTHER PARTY OR PARTIES. THE PARTIES FURTHER AGREE THAT THE ENFORCEABILITY AND INTERPRETATION OF THIS PARAGRAPH (INCLUDING ITS AGREED-UPON WAIVER OF CLASS ACTION, CONSOLIDATION, COMBINATION OF CLAIMS IN ANY MANNER, ACTING IN ANY KIND OF REPRESENTATIVE CAPACITY, AND ANY OTHER RIGHTS) WILL BE RESERVED TO A COURT, RATHER THAN TO ANY ARBITRATOR(S).

    16.2 **IN THE EVENT OF OTHER PROCEEDINGS AND WAIVER OF JURY TRIAL.** IF ANY OF THE PARTIES' AGREEMENTS TO WAIVE ANY OF THE MATTERS LISTED IN PARAGRAPH 16.1 ABOVE (INCLUDING CLASS ACTION, CONSOLIDATION, COMBINATION OF CLAIMS IN ANY MANNER, OR ACTING IN ANY KIND OF REPRESENTATIVE CAPACITY) ARE DETERMINED TO BE VOID, UNENFORCEABLE, UNCONSCIONABLE, INVALID, OR INAPPLICABLE FOR ANY REASON, THEN THE FOREGOING ARBITRATION PROVISION IN ITS ENTIRETY SHALL BE SEVERED FROM THE AGREEMENT AND THE AGREEMENT SHALL BE TREATED AS IF THE FOREGOING ARBITRATION CLAUSE IN ITS ENTIRETY HAD NEVER BEEN A PART OF THE AGREEMENT. IN THIS EVENT, AND IN THE EVENT THAT THE CLAIMS BETWEEN THE PARTIES ARE TRIED IN A COURT OR IN SOME OTHER FORUM, THE PARTIES HEREBY AGREE TO WAIVE ANY RIGHT TO PARTICIPATE IN, BE A MEMBER OF, OR TO SERVE AS A REPRESENTATIVE FOR A CLASS ACTION WITH REGARD TO ANY CLAIM(S) THEY MAY HAVE OR ASSERT AGAINST ONE ANOTHER. NO CLASS ACTION OR OTHER CLASS PROCEEDING SHALL BE CONDUCTED EITHER IN A COURT OR IN ANY OTHER FORUM OR PROCEEDING. THE PARTIES CANNOT ACT AS PRIVATE ATTORNEYS GENERAL OR IN ANY OTHER REPRESENTATIVE CAPACITY. THE PARTIES ALSO AGREE THAT THEY WAIVE ANY RIGHT TO HAVE THEIR CLAIMS CONSOLIDATED WITH, JOINED WITH, OR COMBINED WITH ANY CLAIMS OF ANY OTHER PARTY OR PARTIES. THE PARTIES AGREE THAT THEY EACH WAIVE ANY RIGHT THEY MAY HAVE OR MIGHT HAVE HAD TO A TRIAL BY JURY IN ANY PROCEEDING, REGARDLESS WHETHER THE PROCEEDING TAKES PLACE IN ARBITRATION, COURT, OR IN ANY OTHER FORUM.

    16.3 Arbitration Procedure. The arbitrator (which may be one or more arbitrators, as appropriate, selected or assigned to handle the arbitration) shall be appointed jointly by the parties hereto within 30 days following the date on which the arbitration is instituted. If the Parties are unable to agree upon the arbitrator(s) within such 30-day period, the AAA shall select an appropriate arbitrator(s) within 15 days thereafter. The arbitration will be conducted in English. The arbitrator shall have the authority to act upon motions for summary judgment, and to grant any remedy or relief that the arbitrator finds just and

DHL(Layton/4-09)-00000014

equitable within the scope of this Agreement, provided, that no such remedy or relief shall be inconsistent with the disclaimers of warranties, limitations of liability, indemnifications, restrictions on arbitration proceedings, and other provisions of this Agreement. The decision of the arbitrator shall be binding and final upon both parties, and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. In the event of arbitration or suit, the prevailing party may be entitled to costs (including the cost of the arbitration) and reasonable attorneys' fees.

16.4 Equitable Relief. Notwithstanding anything to the contrary in this Agreement, in the event of an alleged violation of Section 8 ("Confidentiality") by either party, or an alleged breach by Contractor of Section 9 ("Use of DHL Marks") or Section 11.4.1 ("Immediate Release of Shipments"), the party alleging such a violation may seek temporary injunctive or other appropriate equitable relief from any court of competent jurisdiction pending appointment of an arbitrator, without the need to post a bond or security of any type. The party requesting such relief shall simultaneously file a demand for arbitration of the dispute, and shall request that the AAA proceed under its rules for an expedited hearing.

16.5 Confidentiality. In order to facilitate the resolution of controversies or claims between the parties with respect to each party hereto, such controversies or claims, including details regarding negotiations, arbitration, and settlement terms, shall be treated as Confidential Information of each party hereto in accordance with Section 8.

17. Miscellaneous.

17.1 Entire Agreement. This Agreement sets forth the entire understanding between the parties with respect to the subject matter hereof and supersedes all prior and contemporaneous representations (including any representations that may have been made by either party in connection with any bid process relating to this Agreement), discussions, negotiations, letters, proposals, agreements, and understandings between the parties hereto with respect to the subject matter hereof, whether written or oral, including any previous "Cartage Agreement" entered into between the parties, with respect to the provision of cartage and other services in the Service Areas covered by this Agreement. This Section 17.1 shall not be interpreted to supersede any separate agreement the parties may enter into for the provision by Contractor of cartage and other services in geographic areas other than the Service Areas covered by this Agreement.

17.2 Cooperation. Upon request from DHL, Contractor shall provide DHL with reasonable cooperation in investigating and resolving any claims by DHL's customers or any other third party (including any claims relating to theft, illegal activities, or claims of harassment or discrimination).

17.3 Conflicts of Interest. If either party becomes aware of a conflict of interest relating to this Agreement, such party shall immediately notify the other party thereof and the parties shall work in good faith to resolve the conflict or otherwise resolve the situation.

17.4 Governing Law. This Agreement shall be governed by, and interpreted and construed in accordance with, the laws of the State of Ohio, without regard to its provisions governing conflicts of law.

17.5 Amendments. No amendment to, or change, waiver, or discharge of, any provision of this Agreement shall be valid unless in writing and signed by an authorized representative of each of the parties.

17.6 Waiver. No term or provision hereof will be considered waived by either party hereto, and no breach consented to by either party hereto, unless such waiver or consent is in writing signed on behalf of the party against whom the waiver or consent is asserted. No consent to or waiver of a breach by either party hereto, whether express or implied, will constitute a consent to, waiver of, or excuse for any other, different, or subsequent breach by such party.

17.7 Assignment. Contractor shall not assign or transfer this Agreement (or any rights hereunder), nor delegate any of its obligations hereunder, without the prior written consent of DHL. Any purported assignment in violation of this Section shall be null and void.

17.8 Notices. All notices under this Agreement shall be in writing and delivered by fax, e-mail, in person, or sent by (a) commercial courier with written verification of receipt or (b) certified mail, return receipt requested, postage prepaid. Notices given by fax or e-mail shall be deemed delivered when such fax or e-mail is transmitted to the specified fax number or e-mail address of record and the appropriate confirmation is received. Notices mailed shall be deemed delivered three days after postmarked. Notices to Contractor shall be sent to the fax number, e-mail address, or physical address set forth in the first page of this Agreement. Notices