# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LEANDRE LAYTON,** on behalf of himself and all those similarly situated, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO.: CV-08-AR-1542-S |
| ) | |
| **DHL EXPRESS(USA), INC., SKY LAND EXPRESS, INC.,** and **GARY LITTLEFIELD,** ) ) ) ) | |
| Defendants. ) | |

## DEFENDANT DHL EXPRESS (USA), INC.'S RESPONSE TO PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY AND FACILITATE CLASS NOTICE

**COMES NOW** Defendant DHL Express (USA), Inc., ("DHL" or "Defendant"), by and through its undersigned counsel, and hereby submits the following Response to Plaintiffs' Motion to Conditionally Certify and Facilitate Class Notice ("Plaintiffs' Motion" or "Plaintiffs' Motion for Conditional Certification") (Court Doc. No. 40).

1. As Plaintiffs state in their Motion, they are current and former delivery and pick-up drivers who worked for Sky Land Express, Inc. ("Sky Land") at its Birmingham, Tuscaloosa, and Cullman terminal locations. (*See* Plaintiffs' Brief, at 2 & 3). DHL utilized independent contractors like Sky Land to provide

7301388

such dedicated pickup and delivery work. As DHL will show at the appropriate stage of this case, the terms and conditions of DHL's dealings with such independent contractors are governed by cartage agreements, which more fully specify the independent contractor relationship between DHL and Sky Land. Specifically, the Plaintiffs and any potential opt-ins as specified in the proposed class were employees of Sky Land, and not employees of DHL.[1] Moreover, DHL denies that it was an "integrated enterprise" or was a "joint employer" with Sky Land within the meaning of the Fair Labor Standards Act and rejects Plaintiffs' joint employment argument on pages 18 and 19 of their Brief. DHL will seek a judgment in its favor at the appropriate time.

2. Regardless, Plaintiffs seek in their Motion a 60-day period in which to receive opt-in notices from a pool of former driver-employees of Sky Land who allegedly were non-exempt and were not paid overtime compensation for hours worked over 40 in a given work week during the three-year period preceding any conditional class certification order of this Court. (*See* Plaintiffs' Brief, at 1 & 2; *see also* Notice of Lawsuit with Opportunity to Join, Exhibit 1 to Plaintiffs' Brief).

---

[1] Because the Plaintiffs' Motion is directed to alleged overtime claims of former employees on the payroll of Sky Land, and not employees of DHL, DHL is not in a position at this early stage in the litigation and discovery process, or within the contours of Rule 11, to address the merits of whether court-supervised notice is warranted as to such former employees of Sky Land under *Dybach v. Florida Dep't of Corrections*, 942 F.2d 1562, 1567 (11th Cir. 1991), and its progeny. DHL reserves its right to do so at any decertification and/or dispositive motion stage, or other appropriate time, however. To the extent co-defendants Sky Land and/or Gary Littlefield challenge Plaintiffs' Motion on the merits, DHL hereby adopts and incorporates their argument and authorities as if fully set forth herein.

They seek an order requiring the Defendants to provide to them the names, addresses and social security numbers of all "drivers" for Sky Land during the relevant period. Should this Court grant Plaintiffs' Motion and require production of any such names, addresses and social security information, such production requirement would not apply to DHL.

3. In the event the Court grants Plaintiffs' Motion and certifies a collective action, it has broad discretion to formulate the opt-in notice in order to insure that the litigation is conducted in an "orderly and sensible" manner and to insure that putative class members do not receive "misleading communications" *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170, 172 (1989).

4. Thus, to the extent that the Court grants Plaintiffs' motion and conditionally certifies a class, DHL objects to the Notice proposed by Plaintiffs. (*See* Exhibit 1 to Plaintiff's Brief). An opt-in notice must be neutral. *Hoffman-LaRoche*, 493 U.S. at 174 (court must "take care to avoid even the appearance of judicial endorsement of the merits of the action" and "must be scrupulous to respect judicial neutrality"); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F.Supp.2d 101, 108 (S.D.N.Y. 2003) (modifying plaintiff's proposed notice to include a paragraph, in bold at the end of the notice, explaining that the court had not made any determination about the merits of the case).

5. Plaintiff's proposed notice is not neutral. The proposed notice fails to list the names and contact information for Defendants' counsel and requires, in bold print, on page 3 of the proposed notice that, to participate in the case, "The form must be received by Plaintiffs' counsel **. . . .**" (*See* Exhibit 1 to Plaintiff's Motion, at p.3). It says nothing about who is representing the Defendants and buries the prospective plaintiffs' right to engage alternate counsel in the middle of page four with no bolding or other device for emphasis. *See Libront v. Columbus McKinnon Corp.*, No. 83-858, 1984 U.S. Dist. LEXIS 21259, at \*4-\*5 (W.D.N.Y. Dec. 13, 1984) (requiring notice to clearly inform potential opt-ins of their right to retain own counsel and to list contact information for defense counsel); *Gjurovich*, 282 F.Supp.2d at 108 (requiring plaintiff to insert language clearly advising potential opt-ins of their right to obtain their own counsel and contact information for defense counsel and explaining that the court had not made any determination about the merits of the case).

6. The proposed notice likewise is overbroad with respect to the length of the desired opt-in period by seeking a 60-day opt-in period. Given the fact this case has been pending for a full year and counsel for Plaintiffs have successfully communicated with others to file purported "opt-ins" in this case during that time, a 60-day period is unreasonable. *See Sperling v. Hoffman-LaRoche, Inc.*, 118 F.R.D. 392, 417 (D.N.J. 1988) (45 days), *aff'd on other grounds*, 862 F.2d 439 (3d

Cir. 1988), *aff'd* 493 U.S. 165 (1989); *White v. Osmose, Inc.*, 204 F.Supp.2d 1309, 1318 (M.D. Ala. 2002) (45 days); *Torres v. CSK Auto, Inc.*, No. 03-113, 2003 U.S. Dist. LEXIS 25092 (W.D. Tex. Dec. 17, 2003) (45 days). A 30-day opt-in period would be reasonable under the circumstances and no more than 45 days should be allowed.

**WHEREFORE, PREMISES CONSIDERED,** Defendant DHL prays that the Court will deny Plaintiffs' Motion to Conditionally Certify and Facilitate Class Notice. Should the Court grant Plaintiffs' Motion, Defendant DHL requests that the proposed Notice be revised as set forth in this Response.

    Respectfully submitted,

    s/James A. Patton, Jr.
    Bar No.: ASB-6243-T77J

    James A. Patton, Jr., Esq.
    **ONE OF THE ATTORNEYS**
    **FOR DEFENDANT**
    **DHL EXPRESS (USA), INC.**

    **OGLETREE, DEAKINS, NASH, SMOAK &**
     **STEWART, P.C.**
    One Federal Place, Suite 1000
    1819 Fifth Avenue North
    Birmingham, AL 35203-2118
    Telephone: (205) 328-1900
    Facsimile: (205) 328-6000
    E-mail: jay.patton@odnss.com

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

s/ James A. Patton, Jr.  
OF COUNSEL