IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **LEANDRE LAYTON,** | * | |
| **On behalf of himself and all** | * | |
| **those similarly situated,** | * | |
| | * | |
| **PLAINTIFF,** | * | |
| | * | CIVIL ACTION NO. |
| V. | * | 08-AR-1542-S |
| | * | |
| **DHL EXPRESS (USA) INC., SKY LAND** | * | COLLECTIVE ACTION |
| **EXPRESS, INC., and GARY** | * | PURSUANT TO 29 U.S.C. |
| **LITTLEFIELD,** | * | SECTION 216(b) |
| | * | |
| **DEFENDANTS.** | * | |

**DEFENDANTS SKYLAND EXPRESS AND LITTLEFIELD RESPONSE
TO PLAINTIFFS' MOTION FOR CONDITIONAL CLASS CERTIFICATION**

Come now the Defendants, Sky Land Express, Inc. and Gary Littlefield, by and through their counsel of record, to provide the following response to the Plaintiffs' Motion for Conditional Class Certification pursuant to 29 USC Section 216(b) of the Fair Labor Standards Act (FLSA). Many of the foregoing arguments were contained in the prior filing on May 7th, but have been amended or expanded due to the passage of time and the filing today by counsel for Defendant DHL:

A. Due to the Arbitration/Indemnification Issues that remain unresolved, the Defendants request that the Court withhold ruling on the Plaintiffs' Motion for Conditional Class Certification until the issues related to arbitration required by the DHL/Skyland Contracts are resolved

As stated in the initial response filed by these Defendants' to the Plaintiffs' Motion for Conditional Class Certification, the exact contract that forms the basis of the relationship by and between Skyland Express and DHL contains a provision that all issues arising out of the contract are to be arbitrated. (Please see attached Exhibit "A" to the initial Response filed by this Defendant on May 7, 2009) Defendant DHL has a right to seek indemnification from this Defendant pursuant to the same contract. While Defendant DHL has not formally filed a cross claim against Skyland Express, that possibility remains. It is these provisions (arbitration and indemnification) that expose the

Defendant Skyland Express to the possibility of defending this lawsuit in this Court and still being subject to an arbitration with Defendant DHL should it seek indemnification from this Defendant. The existence and content of these provisions is not disputed by DHL.

The Plaintiffs can not refute the existence of these agreements or the applicable arbitration provisions. The undersigned counsel has notified the Plaintiffs' counsel that it is their position that the Plaintiffs' claims may be subject to arbitration due to the express provision of the Cartage Agreements and Severance/Termination Agreements which govern the contractual relationship between the Defendants Skyland and DHL. Put succinctly, DHL has a right of indemnification which, if asserted, would be subject to arbitration, and that arbitration provision does not allow for class wide claim adjudication of disputes; these contracts form the legal relationships between Skyland and DHL, and from that, flow the employment of the Plaintiffs who now seek redress of compensation claims before this Court.

It is clearly the law that litigation should be stayed or delayed if it has the potential to "undermine … arbitration proceedings and thwart the federal policy in favor of arbitration." *See Hill v. GE Power Systems, Inc*., 282 F.3d 343, 347 (5th Cir. 2002). Judge Patrick Higginbotham noted in that opinion that the Federal Arbitration Act ("FAA") does not grant a court the authority to compel nonsignatories to arbitration clauses to arbitrate their claims, but it does give the "courts the power to stay proceedings {involving nonsignatories} pending the completion of arbitration when the factual and legal issues" would be the same in the litigation as in the arbitration." *Id.* It is without dispute that the issues in both the potential arbitration and this litigation would be virtually identical.

While it is admitted that there is no pending claim against the Defendant Skyland Express from Defendant DHL, the potential for the same exists, and to not raise it at this juncture would be deemed a waiver of the same by this Defendant. If the Court denies the arguments of this Defendant, then the application of waiver of arbitration of any claim for indemnification should likewise be applied to DHL as well. DHL has been placed on notice of this issue, and should be required by this Court to either assert the same through arbitration or state that it will waive arbitration. Defendant Skyland has found no cases with analogous facts or issues, but is well aware of the case law that is also well known to this Court as well as the parties' counsel that to fail to assert arbitration prior to engaging in litigation can be deemed a waiver of the same by "substantially engaging in the litigation process."

B.   Statement of applicable arbitration provisions:

Pursuant to local rule 26.1 (1) (B), documents have been provided to the Plaintiffs from Defendant DHL that confirm the terms and agreements between Skyland Express and DHL prior to its termination in November of 2008 and final severance in January, 2009.

**Section 16 of that contract requires that "any controversy or claim, whether such claim sounds in tort, contract or otherwise, arising out of or relating to this agreement…..or the commercial or economic relationship of the parties…..shall be resolved by arbitration in accordance with the then existing supplementary rules of the American Arbitration Association, but not including the then existing supplementary rules for class arbitrations in whatever form or whatever title they may exist….." (See attached Exhibit "A" to this Defendant's May 7th, 2009, response, which is the first page of the 2007 cartage agreement and page 14 & 15 of that agreement; this document was provided to all parties in this action by DHL Counsel on or about April 22, 2009.)**

DHL notified all of its Cartage Agreement Contractors in October/ November 2008 that DHL was terminating and severing all cartage agreements. The documentation that outlines that severance and termination is to be confidential between DHL and the Cartage Agreement Carriers but contains language that may give DHL the right to seek indemnification for any claims it may be held responsible for paying which arise out of the Cartage Agreement. The existence of this potential indemnification claim is not disputed by any party or their counsel to this action, based on the information and belief of the undersigned counsel.

DHL's attorneys have filed their response to the Plaintiff's Conditional Class Certification Motion this afternoon, and did not address either the arbitration or indemnification issues related to Defendant Skyland Express. It is the understanding of the undersigned attorney that counsel for DHL in this matter have had no definite instructions as of this date regarding the issues of arbitration or indemnification. In short, no official claim for indemnification has been asserted but upon inquiry and request by the undersigned counsel, such has not been waived, either. If DHL is required by this Court to address these issues at this point in the litigation, then the Court and the parties can more fully discuss the issues involved and determine whether the arbitration provisions in the Cartage Agreement and/or the Severance Agreement are applicable to the Plaintiffs' claims, or that the claims of the Plaintiff should be stayed until the indemnification issue is resolved.

Defendants Skyland Express and Littlefield find themselves caught in an untenable position of having to respond to a conditional class certification motion, (and discovery which is sure to follow), which may waive rights to arbitration, but then be subject to an indemnification claim from DHL that may still be subjected to arbitration under provision 16 of the Cartage Agreement between Skyland Express and DHL, the cost of which would be unduly burdensome in having to defend these claims, potentially twice, in two separate tribunals. The cases cited by Plaintiffs' counsel clearly state that this Court should balance the "fairness and judicial efficiency" related to the Plaintiffs' conditional class certification motion. That balancing test should include the benefits to the potential class members against, "any potential detriment to the defendant and the potential for judicial inefficiency that could result from collective treatment." Plaintiff's brief, page

16, citing <u>Pendlebury v. Starbucks Coffee Co</u>, 518 F. Supp 1345, 1363, (S.D. Fla. 2007). The <u>Pendlebury</u> opinion, in interpreting the provisions of section 216(b) discussed the remedial nature of a collective action under the FLSA and the benefits not only to the putative class but impliedly to all workers governed by the FLSA. However, neither the <u>Pendlebury</u> court, nor any other Court in any of the other cases cited by the Plaintiffs' counsel from the undersigned counsel's review of the same, dealt with the issue of the application of a potential arbitration/indemnification issue such as the one involved in this case.

      C.      <u>General statement of denial of Plaintiffs' claims and request for Conditional Class Certification</u>:

For the Court's information and record, the Defendants Skyland Express and Littlefield state their belief that the Plainitffs, including the opt-ins noticed by the Plaintiff's counsel, are not due any recovery in this case, and that the Declarations of the Plaintiff and the opt-in Plaintiffs are factually inaccurate and do not correctly reflect the employment history and conditions for each of the declarants, or the putative class as a whole. Representations of positions taken, statements made or opinions rendered by the Defendant Littlefield are not accurately represented in the Motion and Brief filed by Plaintiffs' counsel and the same are denied. Specifically, the Defendants deny that these putative class members are similarly situated, and that the named Plaintiff and opt-in Plaintiffs are similarly situated regarding their manner and method of compensation. The putative class members did not all have "identical" jobs as is asserted by Plaintiffs' counsel. (It should be noted that one of the opt-in Plaintiffs, Andre Weathers, was actually a supervisor for Skyland Express, which I believe is undisputed by the Plaintiffs' counsel. No Declaration was filed for Mr. Weathers, which Defendants' counsel assumes is a concession that Mr. Weathers is not an appropriate Plaintiff for this action.)

The Defendants again assert that the claims stated by the Plaintiffs in this matter are not governed by the provisions of the FLSA, but instead by the Federal Motor Carrier Safety Act. If the Federal Motor Carrier Safety Act is the controlling law regarding the governance of the Plaintiffs' employment relationship with the Defendant Skyland Express, then Plaintiffs have no cause of action or claim as a matter of law, and conditional class certification would therefore be inappropriate and potentially premature. The Defendants do not agree with the allegations contained in the Complaint and do not intend that anything contained in this response or the response filed on May 7, 2009, be deemed a waiver of any defenses they may have to the complaint, to the class allegations, to any potential claim of any opt-in Plaintiffs, or claims that may be asserted by DHL through indemnification.

      D.      For the reasons stated above, the Defendants Skyland Express and Littlefield request that the Court delay ruling on the Motion for Conditional Class certification filed by the Plaintiffs in this action until the issues related to arbitration and indemnification are resolved, or at least addressed, by the parties. These Defendants

assert that no harm or prejudice will be incurred by the Plaintiffs or any members of a putative class by such delay, and that such delay, when balancing the equities involved in this case under the case law cited by the Plaintiffs' in their Motion and Brief, would be fair, just and would be economically efficient. Otherwise, Defendant Skyland Express may be subjected to duplicative litigation of these issues in this Court as well as in arbitration.

Respectfully submitted this the 8th day of June, 2009.

/s/ Alyce Manley Spruell
Attorney for Defendants Sky Land Express,
Inc. and Gary Littlefield
SPRUELL & POWELL, LLC
P.O. Box 1010
Tuscaloosa, Alabama 35403
(205) 345-8755

Certificate of Service

This is to certify that I have this the 8th day of June, 2009, served the foregoing electronically on counsel for all parties as follows:

Lee Winston
Winston Cooks, LLC
Two 20th Street North, Suite 1330
Birmingham, Alabama 35203

Alan H. Garber
The Garber law Firm, P.C.
Suite 14, 4994 Lower Roswell Road
Marietta, GA 30068

Beverly P. Baker
Christopher W. Deering
James Patton
OGLETREE, DEAKINS, NASH,
   SMOAK, STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118

/s/Alyce Manley Spruell
Of Counsel