# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LEANDRE LAYTON, on behalf of himself and all those similarly situated, | ) ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| v. | ) 2:08-cv-1542-WMA ) |
| DHL EXPRESS (USA) INC., SKY LAND EXPRESS, INC. and GARY LITTLEFIELD, | ) ) ) ) |
| Defendants. | ) |

## PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CONDITIONAL COLLECTIVE-ACTION CERTIFICATION AND FOR COURT-APPROVED NOTICE TO THE COLLECTIVE ACTION CLASS

Defendants Sky Land Express, Inc. ("Sky Land") and Gary Littlefield ("Littlefield") oppose Plaintiffs' Motion for Conditional Collective-Action Certification and for Court-Approved Notice to the Collective Action Class on various grounds. However, defendant DHL Express (USA), Inc. ("DHL") does not oppose plaintiff's request for conditional certification of a collective action class. Instead, DHL's objections are limited only to portions of plaintiff's

- 1 -

proposed notice to the putative class. As to all three defendants, their objections are without merit.[1]

Defendants Sky Land and Littlefield make three objections to plaintiff's certification motion. They argue that this case should be stayed because of an arbitration agreement between defendants Sky Land and DHL that gives DHL a right of indemnification from Sky Land. But neither the plaintiff nor any member of the putative class is a party to that agreement. Nor have any of the defendant signatories to the agreement even initiated arbitration regarding the indemnification issue. Nor have defendants shown that a potential arbitration among the signatories concerning indemnification involve the same factual and legal issues as in this litigation – which defendants concede is the only basis to stay these proceedings in favor of arbitration.

Defendants Sky Land and Littlefield further assert that the plaintiff and the putative class are not similarly situated and that plaintiff's claim is barred by the Motor Carrier Exemption. But defendants have failed to submit a shred of evidence supporting these otherwise conclusory assertions.

---

[1] Defendants filed two separate briefs in responding to plaintiff's motion for conditional certification. [Docs. 47, 48.] Plaintiff's reply brief addresses all the objections made by defendants.

Defendant DHL has three objections to plaintiff's proposed notice: (i) that the 60-day opt-in period is too long; (ii) that its counsel is not identified in the notice; and (iii) that a putative class member's right to engage alternate counsel is not sufficiently highlighted. Courts frequently permit a 60-day opt-in period, however, and to permit one here is not unreasonable nor would it prejudice defendant. Nor do courts typically require identification of defendant's counsel – which will only serve to confuse potential claimants. Finally, a putative class member's right to alternate counsel is adequately stated in the proposed notice.

Accordingly, the court should grant plaintiff's motion to conditionally certify the collective action class and approve plaintiff's proposed notice.

## A. Sky Land's And Littlefield's Objections To Plaintiff's Motion For Conditional Certification Of A Collective Action Class Are Without Merit

### 1. *Existence of an Arbitration Agreement*

Defendants Sky Land and DHL signed an agreement which formed the basis of a business relationship. [Doc. 43 at 6 of 8.] The agreement provided that claims arising out of the agreement would be resolved by arbitration. [Doc. 43 at 7 of 8.] According to defendants, the agreement purportedly gives DHL the right to seek indemnification from Sky Land for damages to which DHL may be subjected as a result of Sky Land's conduct. [Doc. 48, Sky Land

Mem. at 1.]² Defendants further observe that "[p]laintiffs' claims *may* be subject to arbitration" under the business agreement between Sky Land and DHL. Id. at 2 (emphasis added). Defendants argue that if DHL asserts its right of indemnification, that issue would be subject to arbitration.

Defendants ask the court: (i) to order DHL to either assert or waive its right to arbitrate the indemnification issue; and (ii) to stay any ruling on plaintiff's motion for class certification until DHL has made its choice. In the event DHL elects arbitration, defendants suggest that the court and the parties "can more fully discuss the issues involved and determine whether the arbitration provisions [in defendants' business agreement] are applicable to Plaintiffs' claims," in which case, presumably, defendants would move to compel arbitration of plaintiffs' overtime claims. Id. at 3.

It is well established that generally a party cannot be forced to arbitrate a dispute that the party has not agreed to submit to arbitration. Becker v. Davis, 491 F.3d 1292, 1298 (11th Cir. 2007). Here, it is undisputed that no plaintiff or putative class member signed the arbitration agreement at issue. The arbitration agreement was signed ***only*** by defendant DHL and defendant Sky Land. [Doc. 43 at 6 of 8.]

---

² Notably, Sky Land failed to file any evidence with the court of the alleged indemnification provision. On that basis alone, the court should strike that portion of defendants' brief.

Courts have stayed proceedings involving a nonsignatory pending completion of an arbitration in very limited circumstances, such as where the factual and legal issues involving a nonsignatory are similar to those against a signatory to an arbitration agreement in a pending arbitration. Hill v. G E Power Sys., Inc., 282 F.3d 343, 347 (5th Cir. 2002).

Courts have permitted a non-signatory to a contract with an arbitration clause to compel arbitration of a signatory to the contract when two requirements are met.

> First, when the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against the nonsignatory. Second, when the signatory to the contract containing the arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more signatories to the contract.

Id. at 348.

Here, defendants' reliance on Hill is misplaced. There is no basis to stay a ruling on plaintiff's motion for class certification. First, plaintiff's overtime claim has nothing to do with the indemnification issue contained in the business agreement between Sky Land and DHL. Second, there is no pending arbitration. Nor has any defendant moved to arbitrate the indemnification issue. Indeed, arbitration is premature because DHL has not suffered a loss for which it can seek indemnification from Sky Land under the arbitration agreement.

Nor is there is any basis for defendants to compel plaintiffs to arbitrate their overtime claims. As an initial matter, arbitration can be compelled only by a non-signatory against a signatory– thus, Sky Land (a signatory) cannot compel arbitration of plaintiffs (non-signatories). Moreover, defendants cannot satisfy the first prong in <u>Hill</u> because plaintiffs do not rely on the terms of the business agreement in asserting their overtime claims against Sky Land and DHL.

And defendants cannot satisfy the second prong in <u>Hill</u>. Plaintiffs are not signatories to the contract alleging interdependent conduct involving a non-signatory.

Therefore, there is no merit to Sky Land's and Littlefield's opposition to plaintiff's motion for class certification on the basis of an arbitration agreement between Sky Land and DHL.

### 2. *Plaintiff and Putative Class Members Being Similarly Situated*

Defendants deny that plaintiff and the putative class are similarly situated. However, other than their conclusory denial, defendants have failed to submit a shred of evidence in support of its position.

### 3. *Effect of Motor Carrier Exemption*

Similarly, defendants assert that plaintiffs' claims are exempted by the Motor Carrier Safety Act. Again, other than their conclusory assertion,

defendants have failed to submit a shred of evidence in support of its position.

Moreover, courts have held that variations in job duties or the availability of various individualized defenses are examples of factual issues that are not considered during the first stage of the collective action analysis. See, e.g., Scott v. Heartland Home Fin., Inc., 2006 WL 1209813, at * 3 (N.D. Ga. May 3, 2006) ("[V]ariations in specific duties, job locations, working hours, or the availability of various defenses are examples of factual issues that are not considered at this [first] stage.") (collecting cases). Such issues of an individualized factual nature are more appropriately addresses during the second stage of analysis, after the court can assess the number of employees who have opted into the lawsuit. Id.

### B. **DHL's Objections To Plaintiff's Proposed Notice Are Without Merit**

#### *1. Length of Opt-in Period*

Plaintiff proposes that potential class members have 60 days from the date their notice is sent out by which to return their consent form to plaintiffs' counsel for filing with the court. Defendant objects to a 60-day period and proposes instead that the period be limited to 30 or 45 days.

A 60-day opt-in period is not unreasonable for several reasons. First, that period gives time for the notice letter to be delivered to the recipient.

Second, it gives the recipient adequate time to consider his options in wanting to participate in this lawsuit, including discussions with counsel and family members. And third, that period gives time for the consent form to be delivered to plaintiffs' counsel once it has been placed in the mail.

Given the state of the economy, it is not unlikely that a class member might be working away from home or has moved and requested his mail to be forwarded to a new address. Further, given the many responsibilities and demands faced by Americans today, a 30-day or even 45-day opt-in period, as proposed by defendants, is simply not enough time for an individual to focus on an important legal document, which could easily end up in the monthly "bills to pay" file. Under these circumstances, a 60-day opt-in period will give a putative class member adequate to time to receive, consider and return his consent form to plaintiff's counsel for filing with the court.

Notably, defendant fails to explain precisely how they will be prejudiced by a 60-day opt-in period, other than merely complaining that the proposed 60-day period is "unreasonable."

Significantly, district courts in this circuit commonly authorize a 60-day opt-in period. Ex. 1 (Authorized Notice in Coleman v. Buffalo Rock Co., Case No. 2:07-cv-915-VEH (N.D. Ala.), Doc. 119-2, dated 4/2/09); Ex. 2 (Authorized Notice in Allen v. SunTrust Banks, Inc., Case No. 1:06-cv-3075-RWS (N.D. Ga.), Doc. 44 at 9-16, dated 3/5/07); Howard v. Orange Lake

Country Club, Inc., 2008 WL 5263744, at *3 (M.D. Fla.2008); Vaccaro v. Candidates on Demand Group, Inc., 2008 WL 1711536, at *3 (S.D. Fla. 2008); Wajcman v. Hartman & Tyner, Inc., 2008 WL 203579, *2 (S.D. Fla.2008); Vondriska v. Premier Mortg. Funding, Inc., 564 F. Supp.2d 1330, 1336-37 (M.D. Fla. 2007).

Finally, in each of the cases cited by defendant DHL in which courts approved a 45-day opt-in period – all of which were decided as long as six to 21 years ago – there is no evidence that the court actually cut back a plaintiff's proposed opt-in period as opposed to merely endorsing the period originally proposed by a plaintiff.

Therefore, there is no reason for the court to revise the proposed opt-in period of 60 days from the date notice is mailed by plaintiff's counsel to putative class members.

### 2. *Identity of Defendants' Counsel*

Plaintiff's' proposed notice does not identify defendants' counsel. Defendant argues that defendants' counsel should be identified, but again fail to explain how they will be prejudiced by such an omission.

Identifying defendants' counsel in the proposed notice will not provide any helpful information to potential class members. Indeed, their identity might actually confuse potential class members as to who they should call for

prompt and accurate information regarding their rights in this lawsuit. Moreover, defendants' counsel certainly have no incentive to provide a timely response, let alone a transparent one, to an inquiry by a potential class member whose rights may have been violated by a client of defendants' counsel.

The only attorneys who should be identified in the proposed notice are those with a fiduciary duty to provide a timely and forthright response to an inquiry by a potential class member, i.e., plaintiff's counsel.

Moreover, most courts do not require defendants' counsel to be identified in a collective action notice. Ex. 1 (Authorized Notice in <u>Coleman v. Buffalo Rock Co.</u>); Ex. 2 (Authorized Notice in <u>Allen v. SunTrust Banks, Inc.</u>); Ex. 3 (Authorized Notice in <u>Cash v. Gwinnett Sprinkler Co., Inc.</u>, Case No. 1:08-cv-02858-JOF (N.D. Ga.), Doc. 14-13, dated 11/3/08; 2008 WL 5225874, at *2 (N.D. Ga. 2008)). Indeed, in two of the cases cited by defendant DHL in which the authorized notice was included as part of the opinion, the court did not require the identity of defendant's counsel. See <u>Sperling v. Hoffman-LaRoche, Inc.</u>, 118 F.R.D. 392, 417 (D.N.J. 1988); <u>Torres v. CSK Auto, Inc.</u>, 2003 WL 24330020 (W.D. Tex. 2003).

Therefore, there is no compelling reason for the court to require the identity of defendants' counsel in plaintiff's proposed notice.

### *3. Class Member's Right to Alternative Counsel*

Defendant DHL claims that plaintiff's notice "buries the prospective plaintiffs' right to engage alternate counsel in the middle of page four with no bolding or other device for emphasis." [Doc. 47 at 4.] Again, defendant's objection is all bark and no bite.

Plaintiff's proposed notice clearly states: "You may also join this lawsuit by retaining another lawyer of your own choosing." [Doc. 41-2 at 4.] This statement is the first sentence of the last paragraph of Section 4, titled **EFFECT OF JOINING THIS LAWSUIT**. Moreover, the statement is in the body of the document, not in an obscure footnote.

Notably, Defendant DHL fails to propose an alternative to the already clearly stated information. Plaintiff's counsel can only wonder why defendant is so concerned about letting prospective class members know they can select another attorney to represent them – except perhaps it hopes an attorney less zealous than current counsel might make an appearance.

Defendant's objection is without merit. Therefore, there is no reason for the court to change this part of plaintiff's proposed notice.

### **CONCLUSION**

Defendants' objections to plaintiff's proposed notice are without merit. Accordingly, the court should grant plaintiff's Motion for Conditional Collective-Action Certification and for Court-Approved Notice to the

Collective Action Class motion and: (i) order the conditional certification of plaintiff's overtime claims as a collective action pursuant to § 216(b); and (ii) authorize plaintiff's proposed notice to putative class members of their right to participate in this action.

Dated: June 17, 2009.

                                               *s/ Alan H. Garber*
Alan H. Garber
*Pro Hac Vice*
Georgia Bar No. 283840
**THE GARBER LAW FIRM, P.C.**
Suite 14, 4994 Lower Roswell Road
Marietta, GA  30068
(678) 560-6685 (telephone)
(678) 560-5067 (facsimile)
ahgarber@garberlaw.net

Lee Winston
Roderick T. Cooks
**WINSTON COOKS, L.L.C**
319 17th Street North
Birmingham, AL 35203
205-502-0940 (telephone)
205-251-0231 (facsimile)
lwinston@winstoncooks.com
rcooks@winstoncooks.com

**COUNSEL FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was electronically filed with the Clerk of Court by using the CCM/ECF system, which will send a notice of electronic filing to all attorneys of record.

Dated:   June 17, 2009.

*s/ Alan H. Garber*
Alan H. Garber