# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| LEANDRE LAYTON *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 2:08-cv-01542-WMA |
| DHL HOLDINGS (USA), INC., SKY | ) | |
| LAND EXPRESS, INC., and GARY | ) | |
| LITTLEFIELD, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR LEAVE TO DEPOSE THE REMAINING OPT-IN PLAINTIFFS AND FOR A SHORT EXTENSION OF THE DISCOVERY PERIOD

COMES NOW, Defendants DHL Express (USA), Inc. ("DHL"), Sky Land Express, Inc. and Gary Littlefield (Sky Land Express and Gary Littlefield are hereinafter collectively referred to as "Sky Land," and together with DHL, they are "Defendants"), by and through their respective undersigned counsel, jointly move this Court for an order granting them leave to depose the six (6) remaining opt-in Plaintiffs and because the unscheduled depositions are unlikely to be conducted during the discovery period, extending the discovery period by two (2) weeks. While each Defendant presently has the right to take ten (10) depositions, they anticipate that Plaintiff will contest that right, and as such, also request that the Court reaffirm the Defendants' right to take the twenty (20) depositions that they have already noticed. In support hereof, Defendants state as follows:

## PRELIMINARY STATEMENT

The Parties to this action have made reasonable efforts to reach agreement on the remaining discovery that must be obtained; but have been unable to reconcile their clearly divergent perspectives. At present, Defendants are entitled to take—and have noticed—ten (10) depositions each; now, Defendants seek the Court's approve to conduct the depositions of the six remaining opt-in plaintiffs. Conversely, Plaintiff would have this Court not only prevent Defendants from deposing the remaining six opt-in plaintiffs, but would seek to prevent Defendants from taking even the depositions that the Court has already allowed.

Plaintiff has expressed a concern about cumulative evidence, and while Defendants have no desire to engage in the pursuit of cumulative evidence, the major issues of this case—including, among other things, (i) the appropriateness of conditional certification, (ii) joint employment, (iii) hours worked, and (iv) the applicability of exemptions from overtime—are necessarily fact intensive and fact specific. In addition to preventing Defendants from obtaining evidence on necessarily fact specific issues, any limitation that prevents Defendants from obtaining testimonial discovery from each opt-in plaintiff—testimony on issues that will unavoidably be different for each opt-in plaintiff—would also leave Defendants open to the possibility of their defenses being compromised through evidence presented from an opt-in plaintiff who was not deposed.

Because representative discovery would jeopardize Defendants' ability to contest Plaintiff's allegations and prevent Defendants from contesting the claims of the separate opt-in plaintiffs, individualized discovery is both necessary and appropriate.

## **ARGUMENT**

**A. In order to Determine Whether Conditional Certification was Appropriate and to Defend Themselves Against Claims that are Necessarily Considered on an Individual Basis, Defendants are Entitled Individualized Discovery and must be Permitted to Depose Each Opt-in Plaintiff in this action.**

In this Court's January 13, 2009 Scheduling Order and Notice to All Attorneys and Parties (the "Scheduling Order"), a limit of ten (10) depositions per party was imposed on each party to this action. At the time of Scheduling Order, neither this Court nor the parties had any way of knowing whether additional parties would join this action as party plaintiffs, and if so, the exact number. Now, some eight months later, in addition to the single named Plaintiff, there are twenty-five opt-in Plaintiffs, who will likely have twenty-five different perspectives on employment, employer, hours worked, and liability. To prohibit Defendants from conducting individual discovery would damage their ability to challenge the conditionally certified class, and further, would severely hamper the defense of individual opt-in Plaintiffs' allegations of liability.

As of the date of this motion, both DHL and Sky Land have noticed the ten depositions allowed them in the Scheduling Order and have conferred with

Plaintiff in hopes of reaching agreement concerning deposing the remaining opt-in plaintiffs. Unfortunately, no agreement was reached. During efforts to resolve the Parties' disagreement, Plaintiff seemed to be most concerned with cumulative evidence and conservation of resources, and therefore, suggested a restriction that would limit Defendants to four **total** depositions—the named Plaintiff and three opt-in plaintiffs. While a concern about cumulative evidence would be valid in some circumstances, Defendants simply do not believe it is grounds for limiting individualized discovery in the present case. Further, Defendants do not believe that the requested depositions are an unreasonable use of Plaintiff's resources.

### i. *Case law limiting opt-in cases to representative discovery are easily distinguishable.*

During the Parties' efforts to reach some agreement herein, Defendants were directed to the Eleventh Circuit case *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233 (11th Cir. 2008). *Morgan* involved 2500 opt-in plaintiffs (later reduced to approximately 1400) and defense counsel who was playing fast and loose with the Federal Rules of Civil Procedure. While it is true that the *Morgan* district court limited individual discovery to 250 opt-in plaintiffs, one of the main catalysts for doing so seems to have been the defendant's attempt to conduct 2100 depositions in seven days. 551 F.3d at 1244. Considering that Defendants are only seeking to conduct a total of twenty-six depositions (twenty of which are already set), there is

nothing sinister at work in the present case. Indeed, through the Court's Scheduling Order, Defendants are already permitted to conduct twenty depositions.

In *Morgan* and other cases involving extremely large opt-in classes, courts have limited individual discovery to statistically significant representative sizes to limit and/or prevent the "otherwise extraordinary burden imposed on the plaintiffs and their counsel." *See Smith v. Lowe's Home Centers, Inc.*, 236 F.R.D. 354, 358 (S.D. Ohio 2006) (Where the court imposed limited individual discovery on an opt-in class of more than 1500). As Defendants read these cases, this "extraordinary burden" is part and parcel with preservation of resources considerations for Plaintiff here. Defendants anticipate that to conduct the twenty depositions that have been scheduled, as well as depositions of the six remaining opt-in plaintiffs, little more than a week's worth of time will be necessary. Defendants find it difficult to believe that twenty-six depositions requiring a week's worth of time is the "extraordinary burden" contemplated by cases involving hundreds, even thousands, of opt-in plaintiffs. Indeed, if Plaintiff perceives a week's worth of time as a waste of or burden on Plaintiff's resources, Defendants question whether the same is true concerning Plaintiff's noticed day long depositions of corporate representatives of DHL and Sky Land, as well as a third day of depositions that Plaintiff noticed just today.

In sum, Defendants simply do not believe that the time and resources that will be expended in conducting the noticed and requested depositions reaches the level of an "extraordinary burden" nor are they an unreasonable or unnecessary drain on Plaintiff's resources. To the contrary, the noticed and requested depositions are essential to Defendants' ability to refute Plaintiff's claims.

### ii. In the cases that most closely resemble the posture of this case, individualized discovery has been allowed.

Defendants anticipate that none of the depositions of Plaintiff or opt-in plaintiffs will last more than a few hours; indeed, many of them are likely to be much shorter. Contrary to the Plaintiff's anticipated position, in circumstances similar to the present case, individualized discovery has routinely been allowed on opt-in classes that are, in some cases, much larger than the twenty-five opt-in plaintiffs in this case. *See generally Coldiron v. Pizza Hut, Inc.*, 2004 U.S. Dist. LEXIS 23610 (C.D. Cal. October 25, 2004) (individualized discovery allowed on all 306 opt-in plaintiffs); *Abubakar v. City of Solano*, 2008 U.S. Dist. LEXIS 1756 (E.D. Cal. February 22, 2008) (individualized discovery allowed on approximately 160 opt-in plaintiffs); *Krueger v. New York Telephone Co.*, 163 F.R.D. 446 (S.D.N.Y. 1995) (individual discovery allowed on all 33 opt-ins in an Age Discrimination in Employment Act ("ADEA") case); *Kaas v. Pratt & Whitney*, 1991 U.S. Dist. LEXIS 11177 (S.D. Fla. March 18, 1991) (allowing individualized discovery on "approximately 100" ADEA opt-in plaintiffs).

In *Coldiron*, as in the present case, the defendant's need for individualized discovery was occasioned by the defendant's intent to challenge whether the opt-in plaintiffs are indeed similarly situated through a motion to decertify the conditional class. *See* 2004 U.D. Dist. LEXIS at *6. In these circumstances, the *Coldiron* court noted that individualized discovery "is both necessary and appropriate." *Id.* The same is true for Defendants here.

### iii. Additional bases for allowing individualized discovery include the fact specific and fact intensive nature of Plaintiff's claims and Defendants' defenses.

Defendants' need for individualized discovery is not limited to their intent to seek decertification of the conditional class. From the perspective of DHL, individual discovery is necessary to disprove Plaintiffs allegations of joint employment. Case law on joint employment makes clear that the analysis is extremely fact specific and is judged on a case by case basis; and because the relationship between the individual worker and the purported employer is at the crux of the analysis, representative testimony is insufficient. *See Martinez-Mendoza v. Champion Intern. Corp.*, 340 F.3d 1200, 1208 (11th 2003) (In analyzing joint employer, "the focus of each inquiry must be on each employment relationship as it exists between the worker and the party asserted to be a joint employer."). Though the subject matter is different, the same is true for Sky Land and its need for individual discovery related to hours worked and the applicability

of exemptions from the FLSA's overtime pay requirement. Assuming *arguendo* that all the opt-in plaintiffs are similarly situated; the underlying facts for each individual are essential to analyzing liability and the applicability of exemptions.

Based on the forgoing, while the concept of representative testimony is facially persuasive, closer analysis reveals that the nature of the claims at issue here are such that representative testimony will prevent Defendants not only from contesting conditional certification, but prevent them from defending themselves against the very allegations of the complaint. As such, this Court should grant Defendants leave to depose the six opt-in plaintiffs who are yet to be set for deposition, and confirm Defendants' right to conduct the twenty depositions that have already been set.

**B. Because Defendants are Unlikely to be Able to Conduct the Requested Depositions within the Discovery Period, they Request a Limited Two-Week Extension of the Discovery Period for the Sole Purpose of Conducting Depositions.**

Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, upon good cause shown, the Court has the authority to extend the time within which a specified act must occur. Herein, Defendants set forth good cause as to why the discovery period should be extended by two (2) weeks. Notably, Defendants point out that none of the other remaining case deadlines will be affected.

As directed at ¶ 14 of the Court's Scheduling Order, because Defendants may have difficulty conducting the remaining six depositions before the close of

discovery—presently set at October 16th—Defendants propose extending the discovery period, for the limited purpose of conducting depositions, through and until October 30th.

This Motion is submitted in good faith and not for purposes of delay. To the extent the requested extension is necessary, it is for the sole purpose of conducting the depositions of opt-in plaintiffs who, as of the date of this Motion, Defendants do not have the right to depose. Accordingly, if Defendants' request for leave to perform the remaining depositions is granted, it would be an appropriate exercise of the Court's discretion to grant the short two (2) week extension sought herein.

## CONCLUSION

WHEREFORE, Defendants DHL Express (USA), Inc., Sky Land Express, Inc., and Gary Littlefield respectfully request that the Court enter an Order confirming their right to conduct the twenty scheduled depositions, granting them leave to depose the remaining six opt-in plaintiffs, extending the discovery period by two (2) weeks as specifically delineated herein, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

| JACKSON LEWIS LLP | SPRUELL & POWELL LLC |
|---|---|
| s/ TerRance Q. Woodard | s/ Alyce M. Spruell |
| Devand A. Sukhdeo (FBN 126977) | Alyce Manley Spruell |

| | |
|---|---|
| *Admitted pro hac vice*<br>TerRance Q. Woodard (FBN 692441)<br>*Admitted pro hac vice*<br>One Biscayne Tower, Suite 3500<br>Two South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 577.7600<br>Facsimile: (305) 373.4466<br><br>*Counsel for Defendant, DHL Express (USA), Inc.* | P.O. Box 1010<br>Tuscaloosa, Alabama 35403<br>Telephone: (205) 345.8755<br>Facsimile: (205) 345.8793<br><br>*Counsel for Defendants, Sky Land Express, Inc. and Gary Littlefield* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___29th___ day of September, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, thereby sending an electronic notice of filing to all counsel of record including:

Alan H. Garber, Esq.
The Garber Law Firm, P.C.
4994 Lower Roswell Road
Suite 14
Marietta, Georgia 30068

Lee Winston, Esq.
Roderick T. Cooks, Esq.
Winston Cooks, LLC
2 North 20th Street, Suite 1330
Birmingham, Alabama 35203

   s/ TerRance Q. Woodard
     TerRance Q. Woodard