## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| LEANDRE LAYTON *et al.*,     ) | |
| ) | |
| Plaintiffs,     ) | |
| ) | |
| v.     ) | Civil Action No. |
| ) | 2:08-cv-01542-WMA |
| DHL HOLDINGS (USA), INC., SKY ) | |
| LAND EXPRESS, INC., and GARY ) | |
| LITTLEFIELD,     ) | |
| ) | |
| Defendants.     ) | |

## JOINT MOTION FOR EXTENSION OF REMAINING CASE
## DEADLINES & COURT APPROVED DISCOVERY PROCEDURES

COMES NOW, Plaintiff Leandre Layton ("Plaintiff") and Defendants DHL Express (USA), Inc. ("DHL"), Sky Land Express, Inc. and Gary Littlefield (together, Sky Land Express and Gary Littlefield are, "Sky Land"), by and through their respective undersigned counsel, jointly move this Court for an order extending all four of the remaining case deadlines by sixty (60) days and approving the Parties' plan for completing discovery. In support hereof, the Parties state as follows:

1. Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, upon good cause shown, the Court, either *sua sponte* or upon motion of a party, may extend the time within which a specified act must occur. Below, the Parties set forth good cause as to why each of the remaining case deadlines should be

extended by sixty (60) days and why their plan for completing discovery should be approved.

2. As presently scheduled, the close of the discovery period is set exactly thirty (30) days after the deadline for opting into this action pursuant to § 216(b) of the Fair Labor Standards Act ("FLSA"). It was not until September 16, 2009—the opt-in deadline—that the Parties, DHL and Sky Land in particular, knew the full size of the conditional FLSA class. Based on the uncertainty of the number of opt-in plaintiffs, Defendants could not prepare a comprehensive discovery strategy or evaluate the prospects of settlement. Once the opt-in period closed, Defendants finally knew the full size of the class and undertook the task of analyzing individual claims.

3. Initially, as was made clear in Defendants' Motion for Leave to Depose the Remaining Opt-In Plaintiffs and for a Short Extension of the Discovery Period (Docket Entry No. 65),[1] Defendants believed it necessary to conduct the deposition of each and every opt-in plaintiff who joined this action, and as such, sought the Court's approval to do so. Now, having worked out what they believe to be a reasonable compromise, Defendants and Plaintiff ask this Court to extend the discovery period and approve the procedures to which they have agreed related to the completion of discovery. Accordingly, the Parties ask that the Court extend the

---

[1] Based on the agreement reached and detailed in this Joint Motion, Defendants intend to withdraw their Motion for Leave and request that the Court approve the relief requested herein and cancel the October 16, 2009 hearing that it scheduled in relation thereto as moot.

discovery period through and until December 15, 2009, and that all remaining case deadlines be extended accordingly—see ¶8 for the Parties specific requested deadlines.

4.    Further, if the Court approves, the Parties have reached agreement on the process by which discovery will be completed.  Prior to the Parties' agreement presented herein, defendants DHL and Sky Land filed their motion seeking leave to depose the named Plaintiff, as well as all twenty-five opt-in Plaintiffs in this action.  From the perspective of DHL and Sky Land, not deposing all the opt-in Plaintiffs would leave open the possibility that their defense of this action could be severely compromised through evidence presented from an opt-in Plaintiff who was not deposed.  At the same time, Plaintiff is concerned about unnecessary cumulative evidence.  Because the Parties acknowledge the reasonableness of the various positions, to the extent the Court approves, a compromise has been reached.

5.    Based on Plaintiff's representation that any opt-in plaintiffs deposed will have testimony and information that is representative of the entire class, Defendants DHL and Sky Land agree that they will withdraw their motion seeking leave of the Court to depose all party plaintiffs, and instead, agree to conduct ten total depositions; the named Plaintiff and nine opt-in plaintiffs of Defendants' choosing.  In addition to the ten depositions of party plaintiffs, the Parties agree

that during the sixty (60) day extension of the discovery deadline, all forms of written discovery shall be available to all Parties. Further, in the event that discovery creates and/or reveals issues which any Party believes necessitates additional depositions, if the Parties cannot agree on these supplemental depositions, no Party will object to the question of and request for additional depositions being presented to the Court for resolution.[2]

6. Because Plaintiff cannot be sure what information each of the opt-in plaintiffs may have, and because Defendants remain concerned about the introduction of evidence from opt-in plaintiffs not deposed,[3] the Parties agree to leave open the possibility—again, to be resolved by the Court if necessary—of additional depositions to the extent Plaintiff intends to or does introduce testimonial evidence—whether via affidavit or in person at any hearing or trial in this case—from opt-in plaintiffs who have not been deposed by Defendants. In the pursuant of fairness, the possibility of additional depositions also applies to the

---

[2] The Parties pledge to continue to work together to reach agreement on as many disputed issues as possible, thereby limiting the topics for which Court intervention are required. Based on Defendants' intent to seek decertification of the conditionally certified class, the Parties specifically note that they will continue to discuss the prospects and need to seek motion deadlines related to decertification from the Court.

[3] It is Defendant' position, as more fully developed in their previously filed motion for leave, that many of their defenses to this action—e.g. lack of joint employment, applicability of exemptions, etc.—are issues that are generally considered in an individual, rather than collective, fashion. [Doc. 65]. Plaintiff disagrees with Defendants' position and states that where the class is similarly situated and defenses are uniform to the class—which Plaintiff contends is the case here—individualized assessments are not appropriate and are an inefficient use of resources.

extent any Defendant seeks or intends to present testimonial evidence from a witness in his or its control who was not deposed by Plaintiff.

7. By structuring the remaining discovery as proposed herein, the Parties hope to limit the unnecessary consumption of their clients' resources and to streamline the issues to be presented to the Court.

8. As directed in ¶14 of the Court's Scheduling Order, Defendants propose that the remaining case deadlines be extended as follows:

| Action | Current Deadline | Proposed Deadline |
|---|---|---|
| Completion of Discovery | October 16, 2009 | December 15, 2009 |
| Filing of All Potentially Dispositive Motions | November 27, 2009 | January 26, 2010 |
| Pretrial Conference | after January 8, 2010 | after March 9, 2010 |
| Trial | after February 19, 2010 | after April 20, 2010 |

9. This Motion is submitted in good faith and not for purposes of delay. The extensions sought herein are reasonable based on the number of opt-in Plaintiffs in this action, the timing of when they joined, and the Parties interest in streamlining the issues to be presented to the Court. Accordingly, it would be an appropriate exercise of the Court's discretion to grant the sixty (60) day extension sought herein and to further approve the discovery procedures proposed by the Parties.

WHEREFORE, Plaintiff Leandre Layton and Defendants DHL Express (USA), Inc., Sky Land Express, Inc., and Gary Littlefield respectfully request that the Court enter an Order (i) extending the discovery period by sixty (60) days, as specifically delineated herein, to allow the Parties to complete discovery, (ii) based on the extension of the discovery period, extending all remaining case deadlines by sixty (60) days as specifically delineated herein, (iii) limiting the number of depositions that may be taken immediately by Defendants to ten (10), while leaving open the possibility that the Parties may agree to additional depositions and allowing any Party to seek to Court leave to conduct additional depositions if no agreement can be reached, and (iv) for such other and further relief as the Court deems just and proper.

Respectfully submitted,

| THE GARBER LAW FIRM, P.C. | JACKSON LEWIS LLP |
|---|---|
| s/ Alan H. Garber | s/ TerRance Q. Woodard |
| Alan H. Garber | Devand A. Sukhdeo (FBN 126977) |
| *Admitted pro hac vice* | *Admitted pro hac vice* |
| 4994 Lower Roswell Road, Suite 14 | TerRance Q. Woodard (FBN 692441) |
| Marietta, Georgia 33068 | *Admitted pro hac vice* |
| Telephone: (678) 560.6685 | One Biscayne Tower, Suite 3500 |
| Facsimile: (678) 560.5067 | Two South Biscayne Boulevard |
| | Miami, Florida 33131 |
| — and — | Telephone: (305) 577.7600 |
| | Facsimile:  (305) 373.4466 |
| WINSTON COOKS LLC | |
| Lee D. Winston | — and — |
| Roderick T. Cooks | |
| 2 North 20th Street, Suite 1330 | Steven M. Stastny |

| | |
|---|---|
| Birmingham, Alabama 35203<br>Telephone: (205) 502.0940<br>Facsimile: (205) 251.0231<br><br>*Counsel for Plaintiff Leandre Layton* | First Commercial Bank Building<br>800 Shades Creek Parkway, Suite 870<br>Birmingham, Alabama 35209<br>Telephone: (205) 332.3100<br>Facsimile: (205) 332.3131<br><br>*Counsel for Defendant, DHL Express (USA), Inc.* |
| | **SPRUELL & POWELL LLC**<br><br> s/ Alyce M. Spruell<br>Alyce Manley Spruell<br>P.O. Box 1010<br>Tuscaloosa, Alabama 35403<br>Telephone: (205) 345.8755<br>Facsimile: (205) 345.8793<br><br>*Counsel for Defendants, Sky Land Express, Inc. and Gary Littlefield* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___13th___ day of October, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, thereby sending an electronic notice of filing to all counsel of record.

 s/ TerRance Q. Woodard
TerRance Q. Woodard